UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WHITNEY BAGOLA,<br><br>Defendant. | 3:20-CR-30157-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |

On April 26, 2021, this Court sentenced Defendant Whitney Bagola to 57 months of imprisonment (concurrent with a revocation sentence in another case) for retaliation against a witness followed by three years of supervised release. Doc. 46. At the time of the sentencing, Bagola was in Criminal History Category V with a guideline range of 57 to 71 months.

Bagola filed a letter request for reduction in sentence, Doc. 48, suggesting that retroactive changes to the sentencing guidelines might entitle her to a lower sentence. The United States responded in opposition to Bagola's request for a sentence reduction.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two,

§ 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decided that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e) and the rules set forth in Dillon, Bagola had 9 criminal history points before the addition of 2 "status points." Doc. 40. Retroactive application of Part A of Amendment 821 results in Bagola getting 1 status point instead of 2, and thus lowers her total criminal history points to ten. But that still leaves Bagola in Criminal History

2

Category V where the guideline range remains 57 to 71 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Bagola similarly is not eligible for a sentence reduction under Part B of Amendment 821. In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, added what now appears in §4A1.1(c), providing a 2-offense-level reduction for certain offenders who have no criminal history points. The new provision states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>    (4) the offense did not result in death or serious bodily injury;
>    (5) the instant offense of conviction is not a sex offense;
>    (6) the defendant did not personally cause substantial financial hardship;
>    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>    (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Bagola fails to meet the criteria for such a sentence reduction. Eligibility for a sentence reduction for zero-point offenders requires a person to have arrived at sentencing with zero

3

criminal history points. Bagola had 9 criminal history points prior to the addition of 1 status point. Doc. 40. Thus, she does not qualify for a reduction under U.S.S.G. § 4C1.1. Therefore, it is

ORDERED that Bagola's request for sentence reduction, Doc. 48, is denied.

DATED this 3rd day of May, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE